UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TAREQ ZAKARNEH,

                 Petitioner,

    v.

MARCO RUBIO et al.,

                 Respondents.

CASE NO. 2:26-cv-01556-DGE

ORDER DIRECTING PETITIONER
TO FILE AMENDED PETITION

Before the Court is Petitioner's petition for writ of habeas corpus.  (Dkt. No. 1.) Petitioner filed a previous petition for writ of habeas corpus, *Zakarneh v. United States Immigration and Customs Enforcement et al.*, Case No. 2:25-cv-00707-DGE ("*Zakarneh I*"), which was denied by this Court on January 9, 2026, and has remained closed since then. *Zakarneh I*, Dkt. Nos. 78, 79.

ORDER DIRECTING PETITIONER TO FILE AMENDED PETITION - 1

Under Rule 4 of the Rules Governing § 2254 cases ("Habeas Rules"), the Court is required to perform a preliminary review of a habeas petition.[1]  Rule 4 directs the Court to dismiss a habeas petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Dismissal under Rule 4 "is required on procedural grounds, such as failure to exhaust or untimeliness, or on substantive grounds where the claims are 'vague,' 'conclusory,' 'palpably' incredible,' or 'patently frivolous or false.'" *Neiss v. Bludworth*, 114 F.4th 1038, 1040 (9th Cir. 2024) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75–76 (1977)).  "A petition may not be cognizable, for example, where the petitioner fails to allege a federal claim . . . or when no claim for relief is stated[.]"  *Id.* at 1045 (internal citations and quotations omitted).

A habeas petition must: (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or person authorized to sign it for the petitioner under 28 U.S.C. § 2242.  Habeas Rule 2(c).

Here, Petitioner's habeas petition is facially deficient.  Petitioner has submitted language from a form habeas petition that does not identify any facts specific to his case other than (1) Petitioner has been detained at the Northwest ICE Processing Center ("NWIPC") since May 22, 2024; (2) Petitioner has apparently moved to reopen his immigration proceedings with the Board of Immigration Appeals ("BIA") but the case was denied "based [on] fabricated evidence" from the Department of Homeland Security ("DHS"); and (3) Petitioner apparently appealed to the Ninth Circuit and his appeal remains pending.  (Dkt. No. 1 at 2.)  Petitioner requests his

---

[1] Available at: https://www.uscourts.gov/file/27805/download (last accessed May 7, 2026). The Habeas Rules also apply to § 2241 petitions.  *See* Rule 1(b) (permitting application of the Habeas Rules to other habeas corpus petitions at the Court's discretion).

ORDER DIRECTING PETITIONER TO FILE AMENDED PETITION - 2

immediate release because his custody violates Due Process.  (*Id.*)  The remainder of Petitioner's petition includes unrelated legal standards pulled from a plug-and-play habeas petition with no apparent application to his case, nor any indication of which causes of action Petitioner is specifically alleging and for what conduct.  (*See id.* at 2–8.)

Petitioner's petition must include factual allegations to support a specific cause of action. In its current form, the petition contains no facts to support a cause of action, and therefore, Petitioner's petition is not cognizable.  *Neiss*, 114 F.4th at 1045 (citation and quotation omitted); Habeas Rule 2(c).

In *Zakarneh I*, this Court ordered Petitioner to file a new habeas petition because he was requesting new relief based on new factual allegations.  *Zakarneh I*, Dkt. Nos. 85, 87.  In its order denying habeas relief in *Zakarneh I*, the Court found that "the evidence established that at least since November 21, 2025, Petitioner's apparent noncompliance has contributed to his continued detention, and Petitioner has not refuted this evidence."  *Zakarneh I*, Dkt. No. 78 at 9. Accordingly, in this newly filed case, Petitioner cannot simply refer back to the original record or arguments made in *Zakarneh I* because those facts as presented were insufficient to grant relief.  Any facts that were presented to this Court in *Zakarneh I* must be re-alleged, and Petitioner will need to identify additional new facts since *Zakarneh I* and identify what legal theory supports the relief he is requesting.

Petitioner's habeas petition is also deficient because he has failed to either file an application to proceed *in forma pauperis* ("IFP") or to pay the $5.00 filing fee.  Petitioner was notified of this deficiency by the Clerk of Court on May 7, 2026 and provided an IFP application.  (*See* Dkt. No. 5.)  Petitioner must correct this deficiency before the Court can rule on the substance of his petition.

ORDER DIRECTING PETITIONER TO FILE AMENDED PETITION - 3

Finally, the Court notes Petitioner simultaneously filed a motion for temporary restraining order ("TRO") with his habeas petition.  (Dkt. No. 2.)  The Court cannot address the motion for TRO until Petitioner has filed *both* (1) a proper habeas petition that states specific facts to support a claim for relief *and* (2) an IFP application or the $5.00 filing fee.  If the deficiencies identified in this order are not addressed, the Court will not consider, and will deny as moot, the motion for TRO.

Accordingly, pursuant to the Habeas Rules, the Court STRIKES Petitioner's petition for writ of habeas corpus (Dkt. No. 1) and directs Petitioner to file an amended petition that addresses the deficiencies identified above no later than **June 5, 2026**.  Petitioner certainly may file an amended petition sooner, but Petitioner's amended petition must clearly identify the facts supporting each cause of action in his petition.  If Petitioner fails to file an amended petition or adequately address the issues identified herein by the required deadline, the Court may dismiss this action without prejudice.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address and is further directed to send Petitioner a copy of the Court's "Petition for a writ of habeas corpus under 28 U.S.C. § 2241 – Immigration Cases Information Sheet."

The Clerk is directed to calendar this event.

Dated this 7th day of May 2026.

David G. Estudillo
United States District Judge

ORDER DIRECTING PETITIONER TO FILE AMENDED PETITION - 4