UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TAREQ ZAKARNEH,

                      Petitioner,

    v.

MARCO RUBIO et al.,

                     Respondents.

CASE NO. 2:26-cv-01556-DGE

ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS AND* DENYING OTHER REQUESTED RELIEF

Petitioner Tareq Zakarneh has filed an application to proceed *in forma pauperis* ("IFP") in the above-entitled action. (Dkt. No. 7.) Pursuant to 28 U.S.C. § 1915(a), the Court may permit an indigent litigant to proceed IFP if the litigant submits an affidavit that declares all assets, the nature of the action, and an entitlement to redress. "[A]n affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 203 (1993) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks removed). "This

generally includes incarcerated individuals with no assets and persons who are unemployed and dependent on government assistance." *Portillo v. US Citizenship & Immigr. Servs.*, No. C21-5312BHS, 2021 WL 3015201, *1 (W.D. Wash. June 2, 2021). A court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1369 (9th Cir. 1987).

Petitioner's IFP application establishes his indigency. He is currently detained at the Northwest ICE Processing Center ("NWIPC") and has been since May 2024. (Dkt. No. 7 at 2.) Further, Petitioner states he has around $62,000 in debt that has been accruing since his detention. (*Id.*) Petitioner attaches several pages of records to his IFP application detailing his purchases of phone time, mail, and commissary during his detention. (*Id.* at 3–14.) Based on the foregoing, the Court is satisfied Petitioner appears to have limited funds available to afford the filing fee and GRANTS Petitioner's IFP application.

Notwithstanding, the Court notes there is still no properly filed habeas petition pending in this matter. As the Court identified in its May 8, 2026 order, Petitioner's habeas petition (Dkt. No. 1) is deficient because it does not identify factual allegations to support a specific cause of action and because it uses language pulled from a plug-and-play form habeas petition. (*See* Dkt. No. 6 at 2–3.) For the Court to consider and rule on Petitioner's claims for relief, he must file an amended habeas petition that identifies the specific facts and legal authority that give rise to his claim for relief.

Petitioner also attaches to his IFP application a "Motion to Force the Defendant to Give the Plaintiff his Commissary Food Back and Allow Communication with Tacoma District Court Phone . . . Through His Phone or Tablet Account." (Dkt. No. 7-1.) Petitioner alleges staff at the

ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DENYING OTHER REQUESTED RELIEF - 2

NWIPC have confiscated food he purchased from the commissary and have put restrictions on his ability to assist other detainees with filing habeas petitions. (*Id.* at 1.) "Challenges to a [petitioner]'s conditions of confinement, however, must be brought in a civil rights complaint rather than a habeas corpus petition." *Smith v. Birkholz*, Case No. 2:22-cv-07623-MEMF-PD, 2026 WL 1256870, at *2 (C.D. Cal. May 7, 2026) (citing *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991)); *accord. Ramirez v. Galaza*, 344 F.3d 850, 859 (9th Cir. 2003) (a civil rights action, rather than habeas, is appropriate "where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence"). The Court therefore DENIES Petitioner's motion (Dkt. No. 7-1) because his claims for relief do not fall within the "historic core of habeas corpus[.]" *Pinson v. Carvajal*, 69 F.4th 1059, 1075 (9th Cir. 2023). If Petitioner wishes to challenge the conditions of his detention, he must initiate a *separate* lawsuit independent of these habeas proceedings.

In conclusion, Petitioner's IFP application (Dkt. No. 7) is GRANTED. Petitioner's "Motion to Force the Defendant to Give the Plaintiff his Commissary Food Back and Allow Communication with Tacoma District Court Phone . . . Through His Phone or Tablet Account" (Dkt. No. 7-1) is DENIED. As identified in the Court's prior order (*see* Dkt. No. 6), Petitioner must submit his amended petition that addresses the deficiencies identified by the Court no later than **June 5, 2026**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address and is further directed to send Petitioner a copy of the Court's "Petition for a writ of habeas corpus under 28 U.S.C. § 2241 – Immigration Cases Information Sheet."

ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DENYING OTHER REQUESTED RELIEF - 3

Dated this 15th day of May 2026.

David G. Estudillo
United States District Judge

ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DENYING OTHER
REQUESTED RELIEF - 4