UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TAREQ ZAKARNEH, | CASE NO. 2:26-cv-01556-DGE |
| Petitioner, | ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER (DKT. NO. 2) |
| v. | |
| MARCO RUBIO et al., | |
| Respondents. | |

Petitioner, who is proceeding pro se, has filed a petition for writ of habeas corpus (Dkt. No. 11) and an accompanying motion for temporary restraining order ("TRO") (Dkt. No. 2) and motion to expedite (Dkt. No. 1-2). Petitioner is a native and citizen of Palestine and entered the United States for the first time in 2011. (Dkt. No. 11 at 4.) He has been in immigration detention since May 22, 2024. (*Id.* at 5.)

The Court struck Petitioner's original proposed habeas petition (Dkt. No. 1) as deficient because he referenced facts that the Court had already deemed insufficient to grant relief in Petitioner's first habeas matter, *see Zakarneh v. United States Immigration and Customs*

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER (DKT. NO. 2) - 1

*Enforcement et al.*, Case No. 2:25-cv-00707-DGE, Dkt. No. 78, and because he submitted language from a form habeas petition with no discernable bearing on the facts of his case. (*See* Dkt. No. 5.) The Court subsequently granted Petitioner's application to proceed *in forma pauperis* ("IFP"). (Dkt. No. 8.) Petitioner filed his amended petition on June 8, 2026; that petition is now the operative pleading in this matter. (*See* Dkt. No. 11.) Also on June 8, after Petitioner's amended petition was entered on the docket, the Court issued its standard scheduling order. (*See* Dkt. No. 12.)

Petitioner's motion for TRO (Dkt. No. 2) and motion to expedite (Dkt. No. 1-2) are DENIED as moot. Petitioner does not allege his removal is imminent; rather, he alleges his detention is unlawfully prolonged under *Zadvydas v. Davis*, 533 U.S. 678 (2001) and violates Due Process. (Dkt. No. 11 at 10–15.) If imminent removal becomes a concern in the future, the Court's scheduling order (*see* Dkt. No. 12) requires Respondents to provide notice before any transfer or removal attempt, and it provides Petitioner an opportunity to file for TRO in the event Respondents give notice of said transfer or removal. The Court therefore finds no basis at this time to enter an order restraining Respondents, nor to expedite Petitioner's proceedings.

Moreover, because Petitioner is representing himself and filing and receiving materials by mail, the Court AMENDS the scheduling order (Dkt. No. 12) in the following respects to allow him sufficient time to file a reply and receive notice:

1. Petitioner's reply deadline of June 29, 2026, is EXTENDED to **July 13, 2026**.

2. The Government SHALL provide Petitioner notice one week (168 hours) before any action to move or transfer him from the Western District of Washington or to remove him from the United States. Any such notice shall be filed on the docket.

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER (DKT. NO. 2) - 2

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 8th day of June 2026.


David G. Estudillo
United States District Judge

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER (DKT. NO. 2) - 3