UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TAREQ ZAKARNEH, | CASE NO. 2:26-cv-01556-DGE |
| Petitioner, | ORDER ON MOTION FOR RECONSIDERATION (DKT. NO. 26) |
| v. | |
| MARCO RUBIO et al., | |
| Respondents. | |

This matter comes before the Court on a motion for reconsideration filed by Petitioner (Dkt. No. 26) regarding the Court's denial of his motion for a temporary restraining order ("TRO"), dated June 8, 2026. (*See* Dkt. No. 13.)

A motion for reconsideration must "be filed within fourteen days after the order to which it relates is filed." LCR 7(h)(2). Failure to comply "may be grounds for denial." *Id.* Even if timely, motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence. LCR 7(h)(1).

ORDER ON MOTION FOR RECONSIDERATION (DKT. NO. 26) - 1

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal citation omitted). "'[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir. 1999)). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003). A party may not raise new arguments or present new evidence if it could have reasonably raised them earlier. *Kona Enters.*, 229 F.3d at 890.

Petitioner's motion is DENIED for two reasons. First, it is untimely. Because the Court issued its order denying Petitioner's motion for TRO on June 8, 2026, Petitioner had until June 22, 2026 to seek reconsideration. However, Petitioner did not move for reconsideration until July 10, 2026.[1] The Court may deny Petitioner's motion solely on this basis.

Second, Petitioner has not met the standard for the Court to grant reconsideration under Local Civil Rule 7(h)(1). Petitioner asserts Respondents are attempting to remove him in violation of the Due Process Clause and in violation of the Convention Against Torture and the "Asylum treaties[.]" (Dkt. No. 26 at 1–2.) Though Petitioner leverages various arguments about

---

[1] The Court acknowledges there is a delay between when Petitioner postmarks a filing and when it is entered on the docket because Petitioner is detained at the NWIPC and therefore must file documents by mail. According to the envelope filed alongside Petitioner's motion, he mailed the motion on July 6, 2026 (*see* Dkt. No. 26 at 41), but it was not entered on the docket until July 10. Even using July 6 as the date on which Petitioner requested reconsideration, his request is still untimely. *See* LCR 7(h)(2).

ORDER ON MOTION FOR RECONSIDERATION (DKT. NO. 26) - 2

his Ninth Circuit stays, the immigration judge overseeing his case, and the alleged bad faith actions of Respondents, he does not identify any manifest error nor any new facts or legal authority that would impact the Court's analysis on its order denying a TRO.  *See* LCR 7(h)(1); (Dkt. No. 26 at 2–4).

Accordingly, Petitioner's motion for reconsideration is DENIED.  The Court notes that its order from July 2, 2026 remains in place and Respondents are restricted from transferring or removing Petitioner pending the disposition of Petitioner's habeas petition on the merits.  (*See* Dkt. Nos. 12, 13, 23.)

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 13th day of July 2026.

David G. Estudillo
United States District Judge

ORDER ON MOTION FOR RECONSIDERATION (DKT. NO. 26) - 3