UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TAREQ ZAKARNEH, Petitioner, v. MARCO RUBIO et al., Respondents. | CASE NO. 2:26-cv-01556-DGE<br><br>ORDER ON MOTION FOR RECONSIDERATION (DKT. NO. 40) |

Before the Court is Petitioner's August 20, 2026 motion for reconsideration (Dkt. No. 40) of the Court's August 7, 2026 order denying Petitioner's petition for writ of habeas corpus (Dkt. No. 37).

Under Local Civil Rule 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence. LCR 7(h)(1). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v.*

*Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co*., 571 F.3d 873, 880 (9th Cir. 2009). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 1041, 1046 (9th Cir. 2003).

In his motion for reconsideration, Petitioner cites to *Ali v. Frink*, Case No. 4:26-cv-02269, 2026 WL 2055189 (S.D. Tex. July 15, 2026) and argues the Court overlooked relevant legal authority that supports his release from immigration custody. (Dkt. No. 40 at 4.) On August 20, 2026, the Court issued a minute order ordering Respondents to show cause how *Ali* impacted their efforts to remove Petitioner to the West Bank and to identify the steps Respondents would need to take in order to effectuate Petitioner's removal. (Dkt. No. 41.) Respondents filed their response and an accompanying declaration from Deportation Officer James Dobson on August 22, 2026. (Dkt. Nos. 42, 43.)

A brief explanation of the *Ali* decision is as follows. The petitioner there was a Palestinian native whose order of removal became administratively final on March 10, 2026. *Ali*, 2026 WL 2055189 at *1. He challenged his detention under the framework set out in *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). *Id.* at *2. The district court noted that despite the fact the petitioner's detention had not exceeded the six-month presumptively reasonable period, the petitioner "successfully rebutted the presumption that his current detention [was] reasonable." *Id.* The Government was unable to counter that finding, in part because (1) the petitioner's Palestinian passport did not guarantee that Israeli authorities would allow his

removal; (2) ICE had not obtained a transit visa from Israel to remove the petitioner through Israel to the West Bank; and (3) "international developments" related to the United States's strikes on Iran had complicated removals to the Middle East. *Id.* at *3.

In their response to the Court's show cause order, Respondents assert that unlike the Government in *Ali*, they have met their burden to show Petitioner's removal to the West Bank is reasonably foreseeable. (Dkt. No. 42 at 1.) In *Ali*, there was no allegation the petitioner had failed to cooperate with the Government in his removal, whereas here, Petitioner "has a history of combative and uncooperative behavior making removal via a commercial airline impossible[,]" thus necessitating a charter flight. (*Id.* at 2); *compare Ali*, 2026 WL 2055189, at *3 *with* (Dkt. No. 43 at 2); *see also Zakarneh I*, 2:25-cv-00707-DGE, Dkt. Nos. 67, 73 (describing Petitioner's failure to cooperate with previous removal efforts). Further, Respondents state they have all necessary travel documents and have obtained permission from the Israeli government for Petitioner to be transported through Tel Aviv to the West Bank.[1] Officer Dodson confirmed in his declaration that once Petitioner arrives in Tel Aviv, "he will remain in ICE custody and [be] securely transported to the West Bank, Occupied Palestinian Territories[,]" and "[a]t no point will Petitioner be placed in the custody of the Israeli government." (Dkt. No. 43 at 2.)

[1] Respondents explain they have an email that granted them "written permission" from the Israeli government to transport Petitioner to the West Bank on September 9 and offered to provide it to the Court for review. (Dkt. No. 42 at 2 & n.1.) The Court (via the Clerk's office) requested the email; it was provided without attachments or reference to Petitioner or any other noncitizens and generally confirmed that the Israeli Ministry of Foreign Affairs had approved a group of noncitizens to be removed on a pair of charter flights on September 10, 2026. The Court accepts Respondents' assertion that Petitioner is set to be removed on September 9 and does not rely on this email in deciding the motion before it. Nevertheless, the Court ORDERS Respondents to have a copy of the email (without attachments) delivered to Petitioner so that he may review it.

The Court concludes that Respondents have met their burden to show that Petitioner's removal to the West Bank is reasonably foreseeable in the near future (*see* Dkt. No. 42 at 2) and consequently, that *Ali* does not disrupt the analysis on Petitioner's request for habeas relief. Petitioner therefore has not met his burden to show that an "intervening change in . . . law" or some other unusual circumstance warrants relief. *Marlyn*, 571 F.3d at 880; LCR 7(h)(1). Petitioner's motion for reconsideration (Dkt. No. 40) is therefore DENIED, and this case remains closed. (*See* Dkt. No. 39.)

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 25th day of August 2026.

David G. Estudillo
United States District Judge