UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TAREQ ZAKARNEH,<br>Petitioner,<br>v.<br>MARCO RUBIO et al.,<br>Respondents. | CASE NO. 2:26-cv-01556-DGE<br><br>ORDER ON RESPONDENTS' MOTION FOR RECONSIDERATION (DKT. NO. 46) |

The Court is in receipt of Respondents' motion for reconsideration (Dkt. No. 46) of the Court's August 25, 2026 order requiring them to deliver a copy of an email regarding Petitioner's removal flight to Petitioner (*see* Dkt. No. 45 at 3 n.1). Respondents contend they did not receive adequate notice or opportunity to be heard on whether the Court was contemplating ordering the email to be publicly released. (Dkt. No. 46 at 1.) They state the Court's order to produce the email, without prior notice to Respondents, was "clear error and manifestly unjust." (*Id.* at 2.) Attached to Respondents' motion is the declaration of Department of Homeland Security Special Agent Don Buffington, who explains the various security and operational

concerns with releasing the information contained in the email to Petitioner, his associates, and the public generally. (Dkt. No. 47.)

Under Local Civil Rule 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence. LCR 7(h)(1). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 1041, 1046 (9th Cir. 2003).

The Court will GRANT Respondents' motion for reconsideration because they raise new arguments regarding the production of the email that could not have been raised earlier. *Kona Enters.*, 229 F.3d at 890. Respondents explain that the email contains the names, email addresses, and physical addresses of certain personnel involved in removal operations, as well as details about the high-risk charter flight Petitioner and other noncitizens are scheduled to be placed on. (Dkt. No. 47 at 2–3.) Respondents explain that releasing this information, particularly before the removal flight has occurred, "jeopardizes the operational security of such flight." (*Id.* at 3.) Though the Court believes the email likely could have been produced with redactions of the sensitive information rather than withholding it entirely, it appreciates the

security concerns raised by Respondents. And, as the Court previously identified, the email was not necessary in analyzing Petitioner's motion for reconsideration in the first place. (Dkt. No. 45 at 3 n.1.) Respondents' motion for reconsideration (Dkt. No. 46) is therefore GRANTED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 28th day of August 2026.

David G. Estudillo
United States District Judge