UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TAREQ ZAKARNEH,<br><br>Petitioner,<br>v.<br><br>MARCO RUBIO et al.,<br><br>Respondent. | CASE NO. 2:26-cv-01556-DGE<br><br>ORDER ON PETITIONER'S OBJECTIONS ON MOTION TO RECONSIDER ORDER AND MOTION TO ENFORCE (DKT. NO. 49) |

Petitioner filed "Plaintiff Objections on Motion to Reconsider Order and Motion to Enforce" on September 8, 2026. (Dkt. No. 49.) In that filing, Petitioner asks this Court to reconsider its order granting Respondent's Motion to Reconsider Order. (Dkt. No. 48.) In that order, this Court reconsidered its prior August 25, 2026 order (Dkt. No. 45 at 3 n. 1) to produce Respondents' email regarding Petitioner's removal flight to Petitioner. (Dkt. No. 48.) The Court ordered that the Respondents did not have to produce the email to Petitioner for security and operational concerns. (*Id.*)

Petitioner cites no federal or local rule permitting such post-order objection. This court interprets Petitioner's filing as its own motion to reconsider. However, Petitioner fails to meet the high threshold required to grant a motion to reconsider.

Under Local Civil Rule 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence. LCR 7(h)(1). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Here, Petitioner does not raise any newly discovered evidence or intervening change in the controlling law. Petitioner instead draws upon the order's language that "the Court believes this email likely could have been produced with redactions of the sensitive information rather than withholding it entirely" (Dkt. No. 48 at 2) to request the court order Respondents to produce a redacted version of the email to protect Petitioner's due process rights. (Dkt. No. 49 at 1.) Declining to order a redacted version of the email in dispute does not constitute clear error because as this Court previously identified, the email was not necessary in analyzing Petitioner's original motion for reconsideration in the first place. (Dkt. Nos. 45 at 3 n.1; 48 at 3.)

Under this Court's discretion, Petitioner's pending Objections on Motion to Reconsider Order and Motion to Enforce (Dkt. No. 49) is therefore DENIED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 11th day of September, 2026.

David G. Estudillo
United States District Judge