UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TAREQ ZAKARNEH,

Petitioner,

v.

MARCO RUBIO et al.,

Respondents.

CASE NO. 2:26-cv-01556-DGE

ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION (DKT. NO. 52)

Petitioner, proceeding pro se, filed a "Motion for Reconsideration to Grant the Habeas Petition of Plaintiff and Immediate Release & Reopen His Case Under Rule (60)(b)(2) Based on New Evidence" on November 16, 2026. (Dkt. No. 52.)

Petitioner states he has been transferred to Eloy, an ICE detention center in Mesa, Arizona, on September 8, 2026. (Dkt. No. 52 at 1.) Plaintiff states he is suffering from a dental condition that is being improperly addressed in custody. (*Id.* at 1–2.) Petitioner also states he filed a motion for a temporary restraining order before the District of Arizona. (*Id.*) A review of the docket Petitioner references, *Zakarneh v. Unknown Party et al*, Case No. 2:26-cv-06361-

KML (D. Ariz. 2026), shows Petitioner filed for a separate petition for writ of habeas corpus on September 8, 2026 with the United States District Court in the District of Arizona. *Zakarneh v. Unknown Party*, Case No. 2:26-cv-06361-KML, Dkt. No. 1 (D. Ariz. Sep. 8, 2026).

Under Local Civil Rule 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence. LCR 7(h)(1). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Petitioner fails to meet the high threshold required to grant a motion to reconsider. Petitioner cites no particular objection to this Court's determinations on this petition. Petitioner does not raise any intervening change in the controlling law. Petitioner's new claims based on his detention in Arizona do not amount to "newly discovered evidence" relevant to this petition, and any new arguments based on new circumstances can be addressed in a new petition. In fact, Petitioner has already filed a separate petition in the District of Arizona. *Zakarneh v. Unknown Party*, Case No. 2:26-cv-06361-KML, Dkt. No. 1 (D. Ariz. Sep. 8, 2026).

Under this Court's discretion, Petitioner's pending "Motion for Reconsideration to Grant the Habeas Petition of Plaintiff and Immediate Release & Reopen His Case Under Rule (60)(b)(2) Based on New Evidence" is therefore DENIED. (Dkt. No. 52.)

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 20th day of November, 2026.

David G. Estudillo
United States District Judge